IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.          No. CR 04-2497 JB

RICHARD RAY ASHLEY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion in Limine, filed January 27, 2006 (Doc. 77). The primary issue is whether the Court should allow Defendant Richard Ray Ashley to offer testimony that he did not admit that he was planning on smuggling marijuana and that Agent Spiess made certain statements about making the present gun charges go away. Because the Court cannot, at this stage of the case, determine whether Ashley's possible evidence will be relevant or hearsay, the Court will deny the United States' motion without prejudice to the United States to object to evidence at trial.

## PROCEDURAL BACKGROUND

On March 17, 2005, before the first trial, the United States filed a "Notice of Intention to Offer Federal Rules of Evidence 404(B) Evidence." See Doc. 30. The Court ruled on the motion, allowing the United States to use statements that Ashley made in which he admitted that he was planning on smuggling 200 pounds of marijuana. See Transcript of Hearing at 130:14-131:6 (taken March 22, 2005).[1] On March 22, 2005, the United States presented testimony at trial regarding

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Ashley's statements. See id. at 170:9-20.

Ashley presented testimony on March 22, 2005 that he never made those statements. See id. at 282:4-9. Ashley denied making the statements, but then alleged that Spiess offered to make the gun charges "go away" if he could provide information about narcotics smuggling. See id. at 282:10-19. Spiess denied making any promises to Ashley. See id. at 186:1-189:15.

The first trial ended in a hung jury. The United States does not intend to offer Ashley's admission during his retrial beginning on January 30, 2006. See Motion in Limine at 1. The United States requests that the Court deem inadmissible: (i) the alleged statements and methods that Spiess used to obtain the statements; and (ii) Spiess' responses to these statements. See id. Alternatively, the United States represents that, should the Court rule that Ashley may present evidence about the statements, responses to the alleged statements, the methods that Spiess used to obtain the statements, and Spiess' response to the statements, the United States reserves the right to introduce the statements in its case-in-chief in accordance with the Court's prior ruling. See id. at 2.

## ANALYSIS

The United States contends that, if it does not offer Ashley's original admission into evidence, then the alleged statements and methods that Spiess used to obtain the statements, and Spiess' alleged responses to these statements would be irrelevant and hearsay. See id. at 1. The United States may be correct, but it is difficult to say that definitively at this stage of the case. The United States is seeking to preclude a lot of testimony. The Court should not sweep with such a broad brush pretrial.

The Court will allow the United States to put on its case and then allow Ashley to put on his defense as he sees fit. If Ashley elicits testimony that he thinks is irrelevant, hearsay, or otherwise inadmissible, the United States is free to object at that time. At this stage of the proceedings,

however, the Court will not preclude any portion of Ashley's defense.

**IT IS ORDERED** that the United States' Motion in Limine is denied without prejudice to the United States raising any objections on relevancy and hearsay grounds at trial. If the Defendant desires to present the testimony that the United States seeks to preclude, the Defendant should approach the bench before going into those areas.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Albuquerque, New Mexico

– and –

Clinton J. Johnson
  Assistant United States Attorney
Las Cruces, New Mexico

 *Attorneys for the Plaintiff*

James Klipstine
Las Cruces, New Mexico

 *Attorney for the Defendant*