IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                    CR No. 04-2497 JB

RICHARD ASHLEY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion in Limine, filed March 21, 2005 (Doc. 99); and (ii) the Defendant's Motion in Limine, filed March 30, 2005 (Doc. 47). The primary issues are whether the Court should exclude: (i) evidence concerning Defendant Richard Ashley's statements about his involvement in drug smuggling or dealing surrounding the incident that led to his arrest; and (ii) the United States' exhibits concerning some of the equipment located in Ashley's vehicle at the time of his arrest. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny Ashley's motion to exclude his statements pertaining to drug smuggling. The Court will also deny Ashley's motion seeking to exclude some of the United States' exhibits.

## PROCEDURAL BACKGROUND

Rule 404(b) of the Federal Rules of Evidence provides in part that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." On March 17, 2005, the United States filed the Government's Notice of Intention to Offer 404(b) Evidence. See Doc. 30. In this document, the United States provides

Ashley notice that it will attempt to introduce two categories of rule 404(b) evidence during its case-in-chief at trial.

First, a federal grand jury charged Ashley with Felon in Possession of a Firearm occurring on September 12, 2004. On that date, Special Agent Mark Spiess contacted Ashley at the Pancho Villa State Park. According to the United States, Ashley gave Spiess permission to search his truck and informed Spiess where a firearm was located. Once the .22 caliber handgun was found, Ashley informed Spiess that his son had put the firearm in his truck. Ashley allegedly told Spiess that he was planning on smuggling 200 pounds of marijuana and had made arrangements to do so.

Second, the United States seeks to introduce evidence that Ashley was previously convicted of the following crimes: (i) August 8, 1986, Making False Statements in Records of Licensed Firearms Dealers; (ii) January 26, 1987, Unlawful Receipt of Firearms; and (iii) January 27, 1994, Felon in Possession of a Firearm and False Statement on a Firearm Registration Certificate.

Ashley moves the Court to enter an order limiting and excluding any and all evidence concerning statements or inquiries about his involvement in any drug smuggling or drug dealing surrounding the incident that led to his arrest in Columbus, New Mexico.

On March 21, 2005, Ashley received a copy of the United States' proposed exhibit list, which included several items seized from Ashley's vehicle on the day of his arrest. Ashley moves the Court to exclude these items on the basis that they are not material or relevant to the charge against him, and any relevance concerning this evidence is outweighed by its prejudicial effect.

## **ANALYSIS**

Although the United States did not charge Ashley with a drug crime, the Court will allow the United States to introduce Ashley's alleged statements about drug smuggling and the exhibits found

in his vehicle. At the hearing on these motions, the United States represented that it sought to introduce Ashley's statements about the drugs to provide the context in which Spiess found the gun. See Transcript of Hearing at 14:9-25 (taken March 22, 2005)(hereinafter "Transcript").[1] Anticipating the defense that Ashley was on an innocent camping trip, the United States argues that Ashley's statement about drug smuggling rebutted his defense that the gun in the truck was a product of mistake or accident. See id. Moreover, the United States maintains that the equipment located in Ashley's truck was relevant and highly probative of his motive for being in the area and his intent to smuggle narcotics. See id. at 15:20 - 16:20. Ashley, however, objects to the introduction of the exhibits and the alleged statements on the grounds that the United States did not charge him with a drug crime. Instead, the only crime for which the grand jury indicted Ashley was for being a felon in possession of a firearm.

In Old Chief v. United States, 519 U.S. 172 (1997), the Supreme Court for the United States recognized "that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story." Id. at 190. The Court will allow the United States to introduce Ashley's drug-smuggling statements, as well as the challenged exhibits, because such evidence is relevant to the United States' theory that -- rather than a camping trip to enjoy the area -- Ashley's purpose was to arrange to smuggle marijuana. Allowing the United States to introduce evidence pertaining to the alleged drug smuggling enables the government to tell a "continuous story" about Ashley's actions, and serves to rebut his defense that the gun ended up in his vehicle on accident and that he was on an innocent camping trip. See United States v. Clark, No. 99-1241, 1999 WL 1136839, at **5 (7th

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

Cir. 1999)(unpublished decision)("If the evidence rebuts the heart of the defendant's theory of defense it is no doubt prejudicial, but also relevant and probative and likely not unfair."). Moreover, the Tenth Circuit has recognized that "guns are a well-known tool of a drug dealer." United States v. Sharbutt, 120 Fed. Appx. 244, 250 (10th Cir. 2005)(unpublished decision). Accord United States v. Becker, 230 F.3d 1224, 1231 (10th Cir. 2000). The United States -- by introducing evidence that Ashley's trip's purpose was to allegedly smuggle drugs -- establishes a possible motive for Ashley to be carrying a firearm.

In reaching its conclusion, the Court has also considered whether the prejudicial effect of this evidence would outweigh its probative value under rule 403. The Court concludes that the probative value this evidence offers as part of the United States' story of the events surrounding the gun's discovery outweighs any prejudicial effect.

On the admissibility of Ashley's prior felony convictions, Ashley and the United States stipulated that he has been convicted previously of a crime punishable by more than one year in prison. See Transcript at 32:23 - 33:2. At the trial, the United States indicated that the only evidence it wished to introduce on the nature of Ashley's prior convictions was Spiess' testimony that Ashley told him that he had been convicted previously for being a felon in possession. See id. at 33:25 - 34:8. The Court has concerns whether this statement constitutes rule 404(b) evidence, although it possibly could go to knowledge or intent. Even if relevant under rule 404(b), given the nature of the crime with which he is charged here and the similarity to these prior crimes, the danger of unfair prejudice outweighs the probative value of specifically identifying the prior crimes. See Old Chief v. United States, 519 U.S. at 185-91; United States v. Wacker, 72 F.3d 1453, 1472 (10th Cir. 1995)("Whereas the fact of a defendant's prior felony conviction is material to a felon in possession

charge, the nature and underlying circumstances of a defendant's conviction are not."). The Court therefore concludes that Ashley's statement about having been convicted for being a felon in possession before the events in question in this case is not admissible. The parties stipulation that Ashley is a convicted felon is sufficient to inform the jury of Ashley's felony status. The United States is also precluded from introducing any other evidence demonstrating the nature of Ashley's prior convictions, unless Ashley opens the door to any such evidence.

**IT IS ORDERED** that both of the Defendant's Motion in Limine are denied. The Court will admit the evidence concerning drug smuggling or intent to smuggle controlled substances in the trial, as well as all of the exhibits listed on the United States' witness list.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Maria Y. Armijo
  Assistant United States Attorney
Office of the United States Attorney
Las Cruces, New Mexico

　　*Attorneys for the Plaintiff*

James W. Klipstine, Jr.
James W. Klipstine, Jr., L.L.C.
Klipstine, Fredlund & Bowlin, L.L.C.
Hobbs, New Mexico

　　*Attorneys for the Defendant*