## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                          No. CR 04-2497 JB

RICHARD RAY ASHLEY,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Request to Reconsider Previous FRE 404(b) and 609 Ruling, filed January 27, 2006 (Doc. 78). The Court held a hearing on the motion on January 30, 2006. The primary issue is whether the Court should permit the United States to admit evidence of Defendant Richard Ray Ashley's prior convictions. Consistent with its ruling at the January 30, 2006 hearing, and for the reasons stated then, the Court will deny the motion in part and not permit the United States to use these convictions in its case in chief. The United States may, however, use the 1994 conviction for making false statements on a firearm registration certificate to impeach Ashley if he takes the stand.

## FACTUAL BACKGROUND

Ashley was convicted on August 19, 1986 for violations of 18 U.S.C. § 924(a)(2) and 18 U.S.C. § 2, aiding and abetting the making of false statements in the records of a licensed firearm dealer. On January 26, 1987, Ashley was convicted of a violation of 18 U.S.C. § 922(h)(1), unlawful receipt of firearms. On January 28, 1994, Ashley was convicted of violations of 18 U.S.C. § 922(g), felon in possession of a firearm, and 18 U.S.C. §§ 924(a)(6) and 924(a)(1)(B), false statements on

a firearm registration certificate on.  On this last conviction, Ashley was sentenced to thirty-six months confinement, with a release date of September 19, 1997.

## PROCEDURAL BACKGROUND

Rule 404(b) provides in part that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  On March 17, 2005 -- shortly before the first trial -- the United States filed the Government's Notice of Intention to Offer 404(b) Evidence.  See Doc. 30.  In this document, the United States provided Ashley notice that it would attempt to introduce evidence that Ashley was previously convicted of the following crimes: (i) the August 8, 1986 conviction for Making False Statements in Records of Licensed Firearms Dealers; (ii) the January 26, 1987 conviction for Unlawful Receipt of Firearms; and (iii) the January 27, 1994 conviction for Felon in Possession of a Firearm and False Statement on a Firearm Registration Certificate.  See Government's Notice of Intention to Offer 404(b) Evidence at 2.

Ashley moved the Court to enter an order limiting and excluding these items on the basis that they are not material or relevant to the charge against him.  See Motion in Limine at 1, filed March 21, 2005 (Doc. 99).  Alternatively, Ashley argued that their prejudicial effect outweighed any relevance concerning this evidence.  See id.  The Court denied the motion.  See Memorandum Opinion and Order filed August 1, 2006 (Doc. 100).

On the admissibility of Ashley's prior felony convictions, Ashley and the United States stipulated that he had been convicted previously of a crime punishable by more than one year in

prison.  See Transcript of Hearing at 32:23-33:2 (taken March 22, 2005).[1]  At the trial, the United States indicated that the only evidence it wished to introduce on the nature of Ashley's prior convictions was Spiess' testimony that Ashley told him that he had been convicted previously for being a felon in possession.  See id. at 33:25-34:8, 131:9-15.  The Court had concerns whether this statement constituted rule 404(b) evidence, but stated that it possibly could go to knowledge or intent.  See id. at 35:10-16, 131:9-10, 146:5-147:14.

The Court concluded that, even if relevant under rule 404(b), given the nature of the crime with which he is charged in this case and the similarity to these prior crimes, the danger of unfair prejudice outweighed the probative value of specifically identifying the prior crimes.  See id. at 146:5-147:14.  See also Old Chief v. United States, 519 U.S. 172, 185-192 (1997); United States v. Wacker, 72 F.3d 1453, 1472 (10th Cir. 1995)("Whereas the fact of a defendant's prior felony conviction is material to a felon in possession charge, the nature and underlying circumstances of a defendant's conviction are not." (citation omitted)).  The Court therefore concluded that Ashley's statement about having been convicted for being a felon in possession before the events in question in this case were not admissible.  See Transcript of Hearing at 146:5-147:14.  The Court stated that the parties' stipulation that Ashley is a convicted felon is sufficient to inform the jury of Ashley's felony status.  See id. at 147:12-14.  The Court also indicated that the United States was precluded from introducing any other evidence demonstrating the nature of Ashley's prior conviction, unless Ashley opened the door to any such evidence.  See id. at 147:20-23.

Thus, the Court did not, as the United States argues, deny the United States' request to admit

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

three prior convictions under rules 404(b) or 609 of the Federal Rules of Evidence.  There is no evidence that the United States asked the Court to admit all the evidence.  Instead, the United States' request was limited to one statement that Ashley made.  See id. at 33:25-34:8.

At the prior trial, Ashley's defense was based upon mistake.  See id. at 295:16-20.  He contended he unknowingly came into possession of the firearm.  See id.  The United States requests the Court to reconsider and reverse its prior ruling on the admissibility of Ashley's criminal history pursuant to rules 404(b) and 609 of the Federal Rules of Evidence.  In addition, the United States requests that, should Ashley testify at trial, the 1994 conviction, with a release date of September 19, 1997, be allowed for the purpose of cross-examining his credibility under rule 609.

## LAW REGARDING RULES 404(b), 403 AND 609

Rule 404(b) allows the admission of evidence of crimes, wrongs, or acts, other than those charged in the indictment, if relevant to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  See Fed. R. Evid. 404(b).  For evidence of other acts to be admissible pursuant to rule 404(b), the evidence must thus be offered for a proper purpose, and it must be relevant.  See Huddleston v. United States, 485 U.S. 681, 691-92 (1988); United States v. Hill, 60 F.3d 672, 676 (10th Cir. 1995).

Evidence admitted under rule 404(b) must meet the following criteria:

(1) must tend to establish intent, knowledge, motive, identity or absence of mistake or accident; (2) must also be so related to the charge that it serves to establish intent, knowledge, motive, identity or absence of mistake or accident; (3) must have real probative value, not just possible worth; and (4) must be close in time to the crime charged.

United States v. Harrison, 942 F.2d 751, 759 (10th Cir. 1991)(quoting United States v. Temple, 862 F.2d 821, 823 (10th Cir. 1988)(internal quotations omitted)).  "[E]vidence of another crime may be

admitted to establish motive, intent, preparation, plan, identity, and absence of mistake or accident."
United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000)(citing Fed. R. Evid. 404(b)).  There
also must be a clear and logical connection between the evidence and the case being tried; thus, the
evidence must be relevant.  See United States v. Biswell, 700 F.2d 1310, 1317-18 (10th Cir. 1983).
The United States must show relevance by "articulat[ing] precisely the evidentiary hypothesis by
which a fact of consequence may be inferred from the evidence of other acts."  United States v.
Kendall, 766 F.2d 1426, 1436 (10th Cir. 1985).

    Rule 403 of the Federal Rules of Evidence provides: "Although relevant, evidence may be
excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless
presentation of cumulative evidence."  Under rule 403, the trial court must weigh the proffered
evidence's probative value against its potential for unfair prejudice.  See United States v. Record, 873
F. 2d 1363, 1375 (10th Cir. 1989).

    The trial court is vested with wide discretion to balance possible unfair prejudice against
probative value.  See United States v. Bice-Bey, 701 F. 2d 1086, 1089 (4th Cir. 1983); United States
v. Masters, 622 F. 2d 83, 87-88 (4th Cir. 1980).  Evidence is unfairly prejudicial if it makes a
conviction more likely because it provokes an emotional response from the jury or otherwise tends
to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his
guilt or innocence of the crime charged.  See United States v. Rodriguez, 192 F. 2d 946, 951 (10th
Cir. 1999).  Evidence is not unfairly prejudicial simply because it damages a case.  See United States
v. Martinez, 938 F. 2d 1078, 1082 (10th Cir. 1991).

    The decision to admit or exclude evidence pursuant to rule 404(b) and rule 403 is within the

trial court's sound discretion.  See United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999).

Rule 609(a)(2) states: "[E]vidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless the punishment."  A trial court must admit evidence falling within rule 609(a)(2)'s parameters, and rule 403 is not applicable to rule 609(a)(2).  See United States v. Guardia, 135 F.3d 1326, 1330 ("Providing Rule 609(a)(2) as a "rare" instance where rule 403 does not apply); United States v. Estrada, 430 F.3d 606, 615-616 (2d Cir. 2005)("The only difference between [rule 609(a)(1) and 609(a)(2)] is that evidence of convictions for crimes involving 'dishonesty or false statement,' whether felonies or misdemeanors, *must* be admitted under Rule 609(a)(2) as being per se probative of credibility, while district courts, under Rule 609(a)(1), *may* admit evidence of a witness's felony convictions that do not constitute crimen falsi, subject to balancing pursuant to Rule 403.")(emphasis in original)(citation omitted).

## ANALYSIS

The United States believes that the previous convictions are admissible under rule 404(b) for the limited purpose of showing an absence of mistake.  See United States' Request to Reconsider Previous FRE 404(b) and 404(b) and 609 Ruling ("Motion to Reconsider") at 2.  The United States contends that, given Ashley's defense of mistake, the probative value of these convictions is "dramatically increased."  Id.  The United States asks the Court to reverse its rulings on the admissibility of the convictions under rules 404(b) and 609.  See id. at 1-2.

First, the evidence is not admissible under rule 404(b).  Even though intent is an issue in the case, the convictions do not appear to be particularly probative at this time.  Also, the prior convictions are not close in time to the crime charged -- 1986, 1987, and 1994.  Because the convictions do not appear to be very probative, and because the prior convictions are not close in

time to the crime charged, the evidence is not admissible under rule 404(b).

Even if the evidence were admissible under 404(b), it appears to the Court that it would be precluded under the rule 403 balancing test. Again, while intent is an issue in the case, these convictions are not extremely probative on this issue, and there is danger of unfair prejudice and confusion of the issues.[2]

The 1994 conviction falls within the ten-year time limit set forth in rule 609(b) because Ashley's release date was in 1997. See Fed. R. Evid. 609(b)("Evidence of a conviction is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from confinement imposed for that conviction, whichever is the later date . . . .").

Of more import is the fact that one of the counts of this conviction is for a crimen falsi crime for which the Court may not exclude under rule 403. See United States v. Guardia, 135 F.3d at 1330; United States v. Estrada, 430 F.3d at 615-616. The 1994 conviction involved a "false statement," and the Court thus does not, pursuant to rule 609(a)(2), have discretion to preclude it at trial. If Ashley takes the stand, the Court will allow the United States to impeach him with the conviction on that one count of the conviction.

**IT IS ORDERED** that the United States' Request to Reconsider Previous FRE 404(b) and 609 Ruling is denied in part and granted in part. The United States shall not be able to introduce the

---

[2] The United States also asserts that it intends to use the evidence to show lack of mistake. The Court, however, cannot tell at this time whether mistake will be an issue in the trial this time. The Court again notes that the prior convictions occurred from 11 to 19 years ago, which would not fit within the fourth 404(b) requirement laid out in United States v. Harrison, 942 F.2d at 759. In addition, the Court does not believe that this evidence would pass the rule 403 balancing test when offered to show lack of mistake.

number or nature of the Defendant's prior felony convictions in its case in chief.  If the Defendant

takes the stand, the United States may introduce the 1994 conviction for the count dealing with false

statements on a firearm registration certificate.  The United States' motion is otherwise denied.


_____
UNITED STATES DISTRICT JUDGE

Counsel:

David C. Iglesias
   United States Attorney for the
      District of New Mexico
Clinton J. Johnson
   Assistant United States Attorney
      for the District of New Mexico
Las Cruces, New Mexico

         *Attorneys for the Plaintiff*

James Klipstine
Klipstine, Fredlund & Bowlin, L.L.C.,
Hobbs, New Mexico

         *Attorney for the Defendant*